## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISCHINA HYDRICHE MOUNDZOLO MOUKONO,<br><br>Petitioner,<br><br>v.<br><br>ROBERT CERNA, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)  Case No. CIV-26-891-SLP<br>)<br>)<br>)<br>)<br>) |

## **O R D E R**

Petitioner, Chrischina Hydriche Moundzolo Moukono, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1].  Before the Court is the Report and Recommendation [Doc. No. 15] (R&R) of United States Magistrate Judge Suzanne Mitchell.  The Magistrate Judge recommends granting, in-part, the Petition.  Respondents have filed an Objection, [Doc. No. 17], Petitioner has filed a Response, [Doc. No. 18], and the matter is at issue.  The Court reviews de novo any portion of the R&R to which a specific objection has been made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Review of all other issues addressed by the Magistrate Judge are deemed waived.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R, to the extent it analyzes Petitioner's statutory claim, and GRANTS, in part, the Petition.

## I.  Background

Petitioner, a citizen of the Central African Republic[1], entered the United States on or about June 9, 2024.  On June 10, 2024, the Department of Homeland Security (DHS) placed Petitioner into removal proceedings through the issuance of a Notice to Appear, charging her as removable under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA).  That same day, Petitioner was released from ICE custody on her own recognizance. On August 16, 2024, Petitioner filed an Application for Asylum and for Withholding of Removal.

On February 18, 2026, ICE re-detained Petitioner during a routine check-in and transferred her to the Diamondback Correction Facility, in Watonga, Oklahoma, where she is currently detained.  Prior to filing this action, Petitioner sought a bond hearing, but the Immigration Judge (IJ) denied it due to lack of jurisdiction.

On April 10, 2026, Petitioner filed her action, claiming violations of the INA and her Due Process rights.  As relief, Petitioner seeks release from custody or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a) within three days.

## II.  Discussion

The Court concurs with the Magistrate Judge's findings, to the extent it analyzes Petitioner's statutory claim, and rejects Respondents' interpretation of §§ 1226(a) and 1225(b)(2)(A).  The Magistrate Judge's findings are consistent with this Court's previous determinations that § 1226(a) governs the detention of similarly situated immigration

---

[1] Respondents state Petitioner is a citizen of South Africa.  *See* [Doc. No. 10 at 10]; [Doc. No. 10-1].

detainees.  *See Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026).  The Court's previous determination is in accord with the Tenth Circuit's recent decision, based on indistinguishable material facts. *See Santillan Quiroz v. Mullin*, -- F.4th --, No. 26-6019, 2026 WL 1876709 at *8 (10th Cir. June 30, 2026) (mandate pending) (holding that "§ 1225(b)(2)(A)'s application is limited to the border").[2]  The Court, therefore, finds that § 1226(a) governs Petitioner's detention, and she is entitled to an individualized bond hearing.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 15] is ADOPTED IN PART and the Petition [Doc. No. 1] is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order, or otherwise release Petitioner if she has not received a proper bond hearing within that period.[3]

A separate judgment shall be entered.

IT IS SO ORDERED this 31st day of July, 2026.

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Similarly, "the Second, Sixth, and Eleventh Circuits have each held that § 1225(b)(2)(A) does not apply to unadmitted noncitizens who . . . are found in the country's interior." *Id*. at *3 (citing *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258 (11th Cir. 2026); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026).

[3] Because the Court finds that habeas relief should be granted on Petitioner's statutory claim, the Court declines to address her remaining claims.